IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ISABEL IRENE VARELA,

      Petitioner,                  No. 2:11-cv-02091-KJN P

    vs.

W. MILLER, Warden,

      Respondent.              ORDER

_____/

      Petitioner, a state prisoner proceeding without counsel, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis. By separate order filed August 23, 2011, this court addressed the inadequacies of petitioner's in forma pauperis application, and accorded petitioner thirty days within which to file a completed application.

      Petitioner has now filed a motion requesting that the court "stay and abey" her habeas petition while petitioner exhausts several claims in the state courts. (See Dkt. No. 9.) Review of the original petition, in light of the pending motion, demonstrates that petitioner failed to indicate in her petition which of her claims are exhausted, and which remain unexhausted; moreover, petitioner has improperly combined several "claims" under each "ground."

      A federal district court may not entertain a petition for writ of habeas corpus

1

unless the petitioner has exhausted state remedies with respect to *each* of the claims raised. Rose v. Lundy, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b)(1). Because the instant petition is apparently a "mixed petition," containing both exhausted and unexhausted claims, and because of the confused presentation of petitioner's claims, petitioner must file an amended petition that clearly lists one claim per "ground,"[1] and indicates whether each claim is fully exhausted, or is not yet exhausted (and identify where it is in the state court review process).[2]

If petitioner wishes to pursue a claim that has not yet been exhausted, she may file a new motion to "stay and abey" this action which clearly identifies each claim that petitioner has yet to exhaust. Petitioner must inform the court why she previously failed to exhaust these claims. Under Rhines v. Weber, 544 U.S. 269 (2005), a district court has discretion to grant a stay and abeyance of a "mixed petition" (a petition that contains both exhausted and unexhausted claims) only if: (1) "the petitioner had good cause for [her] failure to exhaust;" (2) "[her] unexhausted claims are potentially meritorious;" and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Rhines, 544 U.S. at 278. The Supreme Court made clear, however, that because staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of federal proceedings

---

[1] Petitioner may make additional copies of the "grounds" pages set forth in the blank habeas petition included with this order, in order to clearly set forth one claim per ground.

[2] A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting those claims to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986). A state court has had an opportunity to rule on the merits of a claim if that claim was fairly presented, that is, the petitioner described the operative facts and legal theory on which the claim is based. Picard, 404 U.S. at 277-78. It is generally "not enough that all the facts necessary to support the federal claim were before the state courts . . . or that a somewhat similar state-law claim was made." Anderson v. Harless, 459 U.S. 4, 6 (1982). Rather, "a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152, 162-63; Picard v. Connor, 404 U.S. at 271; see also Duncan v. Henry, 513 U.S. 364, 365 (1995) ("If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court").

(and undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to first exhaust all of her claims in state court), "*stay and abeyance should be available only in limited circumstances*." Rhines, 544 U.S. at 277 (emphasis added).  Even if a petitioner shows good cause, the district court should not grant a stay if the unexhausted claims are plainly meritless. Id.  Moreover, federal proceedings may not be stayed indefinitely, and reasonable time limits must be imposed on a petitioner's return to state court to exhaust additional claims. Id. at 277-78.  Petitioner has addressed none of these considerations, but must do so if she files another motion to "stay and abey" this action.

Petitioner may, alternatively, file an amended petition that contains only her currently exhausted claims, which the court will order served forthwith.

A further alternative is that petitioner may request dismissal without prejudice of this entire action, pending her exhaustion of the unexhausted claims, and may thereafter file a new petition (and action) for writ of habeas corpus.  Petitioner is advised, however, that if she chooses this option, she remains subject to the one-year statute of limitations for filing a federal habeas petition.  Generally, the one-year period commences when the state court judgment becomes final by conclusion of direct review, or expiration of the time for seeking direct review; the statute of limitations is tolled while a properly filed application for state (but not federal) post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).  The court, at this juncture, takes no position on the option petitioner should exercise or the legal ramifications of such an election.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to "stay and abey" this action (Dkt. No. 9) is denied without prejudice.

////

////

////

 2. Petitioner shall, within thirty days after service of this order,[3] file an amended petition for writ of habeas corpus, which lists one claim per "ground," and indicates the exhaustion status of each claim.

 3. Petitioner shall, within thirty days after service of this order, file a new motion to "stay and abey" her unexhausted claims; such motion shall address each of the considerations set forth in Rhines v. Weber, 544 U.S. 269 (2005), as set forth above.

 4. Alternatively to (2) and (3), petitioner may, within thirty days after service of this order, file an amended petition that contains only exhausted claims, which the court will order served forthwith.

 5. Alternatively to (2), (3), and (4), petitioner may request dismissal of this action in its entirety, pending the state court exhaustion of all petitioner's claims; thereafter, petitioner may file a new petition for writ of habeas corpus that contains only exhausted claims.

 6. The Clerk of Court is directed to send petitioner a blank Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254.

DATED: August 29, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

vare2091.stay&abey.fb

---

[3] Petitioner is reminded that she is also required, pursuant to the court's prior order, to file a completed in forma pauperis application.